Carl J. Marquardt (WSBA No. 23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel: (206) 388-4498
Email: carl@cjmlawoffice.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Dongguan Naquan E-Commerce Co., Ltd. and Guangzhou Zhongyao Technology Co., Ltd., *Plaintiffs*, v. BINOVO MANUFACTURING CO., LTD. *Defendant*. | Case No. 2:25-cv-1169<br><br>**Complaint For Declaratory Judgment**<br><br>**Jury Trial Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiffs Dongguan Naquan E-Commerce Co., Ltd., d/b/a OGERY-Camping ("OGERY-Camping"), and Guangzhou Zhongyao Technology Co., Ltd., d/b/a OGERY-Outdoors ("OGERY-Outdoors," collectively with OGERY-Camping as "Plaintiffs"), against Defendant BINOVO MANUFACTURING CO., LTD ("Defendant"), claiming for patent invalidity and unenforceability against U.S. Patent No. 12,146,644 ("'644 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. This court has original jurisdiction over the subject matter of this action pursuant to the Patent Act, 35 U.S.C.§§ 101, 102, 103, 112 et seq., pursuant to 28 U.S.C.§§ 1331, 1332(a) and (c), 1338(a), and pursuant to the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '644 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112, and unenforceable.

## THE PARTIES

**THE PLAINTIFFS**

3. Plaintiff Dongguan Naquan E-Commerce Co., Ltd., is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located in Dongguan, China.

4. Plaintiff Guangzhou Zhongyao Technology Co., Ltd., is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located in Guangzhou, China.

**THE DEFENDANT**

5. Defendant BINOVO MANUFACTURING CO., LTD is a limited liability company organized and existing under the laws of the People's Republic of China. Defendant's contact information is as follows: KAIXUAN HUANG, hkx@powersource.cn.

6. Upon information and belief, Defendant is the applicant and assignee of the '644 Patent.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

8. An actual case or controversy exists between the parties to this action. Defendant submitted infringement reports to Amazon against Plaintiffs alleging the infringement of its '644 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

9. This Court may exercise personal jurisdiction over Defendant because Defendant purposefully directed at this forum (the Western District of Washington) its enforcement activities concerning the '644 Patent. Specifically, Defendant submitted a complaint of infringement to Amazon.com, Inc., which has a principal place of business at 410 Terry Ave. N, Seattle, WA 98109. By targeting Amazon's Seattle-based business and causing damages to Plaintiffs, Defendant has intentionally availed itself of the privilege of conducting activities in this District, giving rise to this action and sufficient minimum contacts under Washington's long-arm statute, RCW 4.28.185, and the Due Process Clause of the U.S. Constitution.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District—specifically, the issuance of a takedown notice directed to Amazon's Seattle operations. Venue is also proper under § 1391(c)(2) because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

11. Plaintiffs own and operate an Amazon stores selling camping-related products, including the Camping String Lights.

12. Plaintiffs' Camping String Lights has been designated as Amazon's Choice (Amazon's Choice highlights highly rated, well-priced products) and earned 86% positive reviews from the customers.



13. Plaintiffs' Camping String Lights is also currently ranked eleventh in the Outdoor String Lights category on Amazon's Best Seller Rank.

14. On May 19, 2025, Plaintiffs received emails from Amazon stating that their Camping String Lights allegedly infringe the '644 Patent. A true and correct copy of the Amazons emails are attached hereto as Exhibit 1. The emails also identified the rights holder as KAIXUAN HUANG, and provided his email address as hkx@powersource.cn. Plaintiffs were informed that if it failed to resolve this dispute promptly, Amazon may remove their listings and Plaintiffs may no longer be allowed to sell to Amazon. *Id*.

15. Amazon not only constantly monitors and scores each seller's account performance including how many infringement complaints have been filed against the seller, but Amazon also reserves the right to deactivate selling accounts without advance warning.

16. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Camping String Lights, Plaintiffs need their products listed in the Amazon marketplace. Defendant's actions have harmed and continue to harm Plaintiffs' Amazon health rating and they are facing imminent and real threat of an infringement complaint and their listings may be removed by Amazon at any time.

### U.S. PATENT NO. 12,146,644

17. The face of the '644 Patent lists Defendant as its applicant and assignee. *See* Exhibit 2. The '644 Patent was issued on November 19, 2024. *Id*.

18. The '644 Patent is entitled "TAPE MEASURE ATMOSPHERE LAMP" and generally discloses "Some embodiments of the present disclosure a tape measure atmosphere lamp. wherein a housing assembly, and a rocker assembly, a base, a roller, a light strip and a circuit module that are all mounted in the housing assembly, where the rocker assembly is hinged to the base, the base is fixedly connected with the roller, the roller is rotationally connected with the housing assembly, the light strip is wound in a circumferential direction of the roller, and the light strip is electrically connected with the circuit module.." Exhibit 2, at Abstract.

19. The '644 Patent has only one independent claim and sixteen dependent claims, each claiming a tape measure atmosphere lamp. *See* Exhibit 2.

### COUNT I
**(Declaratory Judgment of Unenforceability of U.S. Patent, No. 12,146,644)**

20. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

21. An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the enforceability of the '644 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

22. Under the current Patent and Trademark Office ("PTO") regulations, individual persons and small business concerns meeting certain requirements can qualify as a "small entity." *See* 37 C.F.R. § 1.27(a). Small-entity status entitles the person or company to pay a reduced amount for many PTO fees, including maintenance fees.

23. The company must have no more than 500 employees to qualify for small entity status.

24. In order to pay a reduced amount of maintenance fees, Defendant willfully misrepresented to the PTO that its status as justifying small entity maintenance payments.

25. As shown in the 2022 Annual Report and 2023 Annual Report that Defendant submitted to the Chinese government and displayed on Chinese National Enterprise Credit Information Publicity System, Defendant has more than 500 employees in 2022 and 2023. A true and correct copy of the 2022 Annual Report and 2023 Annual Report is attached here to as Exhibit 3.

26. It is clear that Defendant does not qualify as small entity since 2022. Thus, the '644 Patent is unenforceable for inequitable conduct in misrepresenting Defendant's status as justifying small entity maintenance payments.

27. The '644 Patent is also unenforceable because Defendant intentionally concealed or failed to disclose material information to the PTO.

28. In the application of the '644 Patent, Defendant claims the foreign application priority data for a Chinese Patent Application No. 202320073404.8 ("Defendant's Chinese Patent"). *See* Exhibit 1.

29. On September 2, 2024, a company named Ninghai Kuxingke Outdoor Products Co., Ltd., submit an invalidity petition for the Defendant's Chinese Patent to China National Intellectual

Property Administration ("CNIPA"). This company provided three prior arts, Chinese Patents No. 217763129U, 113819408A, 209655093U to invalid the Defendant's Chinese Patent.

30. On October 8, 2024, Defendant submitted a response to this invalidity petition.

31. On January 8, 2025, the CNIPA issued an Order invalidating Defendant's Chinese Patent based on the prior art references listed above. A true and correct copy of the Order is attached hereto as Exhibit 4.

32. Accordingly, these three prior art references constitute material information that should have been disclosed to the PTO.

33. Nevertheless, although Defendant was clearly aware of the material prior art—specifically Chinese Patent No. 113819408A—prior to October 8, 2024, Defendant intentionally concealed this reference.

34. Defendant knew that disclosing Chinese Patent No. 113819408A to the PTO would have prevented the issuance of the '644 Patent.

35. Accordingly, the '644 Patent is unenforceable due to the inequitable conduct of Defendant and the inventors in failing to disclose this material information to the PTO.

36. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy that Defendant's allegations have created, Plaintiffs are entitled to a declaratory judgment that the '644 Patent is unenforceable.

## COUNT II
**(Declaration of Invalidity of U.S. Patent, No. 12,146,644)**

37. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

38.     An actual, continuing and justiciable controversy exists between Plaintiffs and Defendant concerning the validity of the '644 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

39.     Claims 1-17 of the '644 Patent are invalid under 35 U.S.C. § 102 and/or § 103 at least in light of the prior art cited herein.

40.     Chinese Patent No. 209655093U, entitled "Reel Lamp," to Zhongkui Zhang ("Zhang") alone or in combination with common general knowledge, anticipates and/or renders obvious one or more claims of the '644 Patent. Zhang, issued on November 19, 2019, discloses a reel lamp comprising a housing, a flexible LED light strip wound around a rotating shaft installed in the housing, and a reel handle connected via a coupling member to the rotating shaft. This reference teaches all key elements of the claimed "tape measure atmosphere lamp," including a housing, a roller for winding and unwinding the light strip, and a handle or rocker mechanism for operation. The Zhang design allows for easy storage, deployment, and protection of the light strip—directly corresponding to the features recited in claim 1 and its dependent claims of the '644 Patent. Thus, Zhang alone, or in combination with routine skill in the art, anticipates and/or renders obvious at least claim 1 of the '644 Patent. A true and correct copy of Zhang, along with a certified English translation, is attached hereto as Exhibit 5.

41.     CN113819408A, entitled "Tape Measure Lamp," to Xuyu Li et al. ("Li") either alone or in combination with other cited prior art, anticipates and/or renders obvious the claims of the '644 Patent. Li, published on December 21, 2021, discloses a tape measure lamp comprising a housing, at least one or two light strips, a power module, and multiple reels for winding the light strips. Each light strip may be extended or retracted independently, and the system utilizes reels, hooks, and a ratchet mechanism for easy operation and storage—paralleling the main technical

-8-
COMPLAINT

features claimed in the '644 Patent. In particular, Li describes the use of a handle and an operational mechanism for winding the light strip(s), which corresponds to the rocker assembly and roller mechanism claimed in the '644 Patent. Accordingly, Li alone, or in combination with other references, anticipates and/or renders obvious at least claim 1 of the '644 Patent. A true and correct copy of Li, along with a certified English translation, is attached hereto as Exhibit 6.

42. CN217763129U, entitled "Tape Measure Lamp," to Mengyao Xu ("Xu") either alone or in view of other prior art, renders obvious the claims of the '644 Patent. Xu, issued on November 8, 2022, discloses a tape measure lamp featuring a housing, a light strip, a rewinding reel, and an operating wheel coupled via a transmission structure comprising a ratchet and a torsion spring. The operating wheel, accessible from the exterior, allows the user to wind or unwind the light strip efficiently, which is substantially the same structure and function as the rocker and roller assembly in the '644 Patent. These features correspond to the inventive concepts described in the independent and dependent claims of the '644 Patent, thus rendering the claimed invention obvious to a person skilled in the art at the time of filing. A true and correct copy of Xu, along with a certified English translation, is attached hereto as Exhibit 7.

43. As expressly recognized by the CNIPA in its January 8, 2025 Order, the above-cited Chinese prior art references each disclose, either individually or in combination, all the key technical features of the '644 Patent, thereby depriving the claimed invention of novelty and/or inventive step. *See* Exhibit 4.

44. Thus, among the other basis, Claims 1-17 of the '644 Patent are rendered obvious and/or anticipated by prior arts as listed above pursuant to the 35 U.S.C. §§ 102 and/or 103.

45. In the view of the foregoing, Plaintiffs are entitled to a judgment declaring that the '644 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## COUNT III
### (Tortious Interference with Existing Business Relationships)

46. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

47. Defendant's actions, as described herein, including baseless infringement claim to Amazon that Plaintiffs' Camping String Lights infringe upon its invalid and unenforceable '644 Patent has harmed Plaintiffs' selling relationship with Amazon by putting Plaintiffs at risk of their Amazon stores being permanently closed as a result of legally false infringement complaints, and hindering the continued sale and positive review of the Plaintiffs' Camping String Lights by Amazon customers so that, even if the listing were restored, it would be at a disadvantage to similar products offered by Plaintiffs' competitors.

48. Defendant intended to harm and have irreparably harmed Plaintiffs' reputation with Amazon by making these false statements to Amazon.

49. Plaintiffs would lose valuable selling opportunities as a direct and proximate suffer, severe irreparable harm from which there is no adequate remedy at law.

50. Plaintiffs are entitled to the imposition of a preliminary and permanent injunction against the Defendant, to restrain and enjoin it and its agents from further tortiously interfering with the Plaintiffs' business relationship with Amazon.

51. By reason of the foregoing, Plaintiffs are entitled to an award of damages from Defendant in an amount to be determined at trial.

52. Defendant's aforesaid acts are of such wanton, willful and malicious nature, that Plaintiffs are entitled to an award of punitive damages in an amount to be determined at trial, in order to punish the Defendant and deter others similarly situated from committing such acts in the future.

53. By reason of the foregoing, Plaintiffs are suffering and will continue to suffer irreparable harm, unless and until the Court directs the Defendant to withdraw its complaint to Amazon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

a. For judgment in favor of Plaintiffs against Defendant on all claims.

b. Declaring that Defendant's '644 Patent registration is invalid.

c. Declaring that Defendant's '644 Patent registration is unenforceable.

d. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiffs' costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

e. Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the '644 Patent against Plaintiffs and their reseller's Camping String Lights.

f. Ordering Defendant to return to the Court with proof of compliance with this Order within seven (7) days of entry thereof, with a copy served on Plaintiffs' attorney.

g. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

h. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

i. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages.

j. Awarding pre- and post- judgment interest.

k. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Date: June 23, 2025

Respectfully submitted,
LAW OFFICE OF CARL J. MARQUARDT PLLC

By: /s/ Carl J. Marquardt
Carl J. Marquardt (WSBA No. 23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel: (206) 388-4498
Email: carl@cjmlawoffice.com

Glacier Law LLP
Jie Li, Esq. (*pro hac vice* application to be filed)
jie.li@glacier.law
251 South Lake Ave Suite 910
Pasadena, California 91101
Telephone: 626-750-0040

**Attorneys for Plaintiffs**